ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DONAVON HUFF, | ) | CASE NO. 1:09CV0275 |
| | ) | (1:07CR0034-1) |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 98] |
| Respondent. | ) | |

This matter is before the Court upon Petitioner *pro se* Donavon Huff's Amended and Restated Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 98). In addition to the motion, the Court has reviewed the government's Response (Doc. 105). The Court has also considered Petitioner's Traverse to the Government's Response (Doc. 106). For the reasons stated herein, the motion is DENIED.

## I. Facts and Procedural Background

On January 17, 2007, a federal grand jury indicted Donavon Huff ("Petitioner" or "Mr. Huff") and two co-defendants on seven counts relating to conspiracy (Count 1), identify theft (Count 2), and access device fraud (Counts 3-7). *See* Doc. 1. Mr. Huff pleaded guilty to Counts 1, 2, 4, and 6 of the indictment pursuant to a written plea agreement. Doc. 35.

The plea agreement stipulated that the Sentencing Guidelines Manual in effect November 1, 2002 would be applied. Accordingly, Mr. Huff's total offense level was estimated to be Level 22 before acceptance of responsibility. Doc. 35 at ¶ 18. The plea agreement also made clear that there was no agreement between the parties as to Mr. Huff's criminal history category.

*Id.* at ¶ 20. The plea agreement further stated that the District Court was not bound to the recommendations therein and that it alone would decide the applicable sentencing range under the advisory Sentencing Guidelines. *Id.* at ¶ 22. Mr. Huff understood that, once the District Court accepted his guilty pleas, he had no right to withdraw the pleas if the District Court did not accept any sentencing recommendations made on his behalf or if he was otherwise dissatisfied with the sentence. *Id.*

The Presentence Report (PSR) included three sentencing enhancers not stipulated to in the plea agreement. Three separate two-level upward adjustments were included as follows: (1) under Guidelines Section 2B1.1(b)(2)(A) for more than ten victims; (2) under Guidelines Section 3B1.3 for abuse of position of trust; and (3) under Guidelines Section 3B1.4 for use of a minor in the offense. *See* PSR at ¶¶ 58, 61, and 62. The offense level was found to be Level 28 before acceptance of responsibility. *Id.* at ¶ 64. After a three-level downward adjustment for acceptance of responsibility, the total offense level was Level 25. *Id.* at ¶ 69.

Pursuant to a *sua sponte* downward variance, the District Court sentenced Mr. Huff to 60 months incarceration, followed by 3 years supervised release. Docs. 50 and 56. Mr. Huff then filed a notice of appeal. Doc. 63. Donald Malarcik, the attorney appointed to represent Mr. Huff, raised three issues on appeal: (1) the District Court incorrectly calculated Mr. Huff's criminal history category; (2) the District Court incorrectly included an upward adjustment for abuse of position of trust thereby determining that Mr. Huff's offense level was Level 25; and (3) the District Court failed to state its reasons for the sentence with sufficient clarity to allow for meaningful appellate review. Doc. 105-1 at 9. Petitioner later moved to voluntarily dismiss the appeal and the case was dismissed in December 2008. Doc. 84.

Next, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255 in January 2009. Doc. 87. The instant amended motion was filed on March 19, 2010. Doc. 98. Mr. Huff contends that: (1) the government breached the plea agreement; (2) the District Court's application of Guidelines Section 3B1.3 for abuse of trust resulted in *ex post facto* punishment; (3) the District Court erred in determining his criminal history score; and (4) appellate counsel was ineffective. *Id*. The government filed a response in opposition. Doc. 105. Petitioner filed a Traverse to the Government's Response Doc. 106. The matter now appears before the Court.

## II.  Legal Standard

Title 28, United States Code, Section 2255 allows a federal inmate to collaterally attack his or her conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under Section 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that s/he alleges to be in violation of federal law. *See Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

There are four grounds upon which a federal prisoner may challenge his or her conviction or sentence under Section 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)) (internal quotation marks omitted). Motions to vacate, set aside or correct a sentence under Section 2255 must be filed in the trial court that sentenced the movant. 28 U.S.C. § 2255(a); *Gregory*, 181 F.3d at 714.

To prevail on a Section 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial, injurious effect or influence on the proceedings. *McNeil v. United States,* 72 F.Supp.2d 801, 803 (N.D.Ohio 1999) (citing *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999)).

To prevail on a Section 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill*, 368 U.S. at 428). Non-constitutional errors, such as mistakes in the application of Sentencing Guidelines, are generally not cognizable on collateral review. *McNeil*, 72 F. Supp.2d at 805 (citing *Grant v. United* States, 72 F.3d 503, 506 (6th Cir. 1996)). Accordingly, courts rarely grant relief with respect to non-constitutional errors. *Grant*, 72 F.3d at 506.

### III. Legal Analysis

The government contends that Petitioner has failed to allege sufficient facts to establish an entitlement to relief or a hearing on his claims. The Court agrees.

#### A. *Sentencing issues are not cognizable on collateral review*

The claim that the District Court incorrectly calculated Petitioner's criminal history score is not cognizable on collateral review. Section 2255 provides redress for non-constitutional errors only if those errors involve a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Ferguson*, 918 F.2d at 630 (quoting *Hill*, 368 U.S. at 428). The Court finds that Petitioner has

not established that the alleged mistakes concerning his offense level and criminal history category constitute such an error.

Assuming, *arguendo*, that the sentencing issues under consideration involve constitutional questions, Petitioner has not established that an error of constitutional magnitude existed that had a substantial, injurious effect or influence on the proceedings. *See McNeil*, 72 F.Supp.2d at 803 (citing *Watson*, 165 F.3d at 488).

**B.     *The claims asserted by Petitioner are either procedurally defaulted or precluded by the voluntary dismissal of his appeal***

Claims not raised upon direct appeal are deemed procedurally defaulted. Such claims cannot be asserted unless the petitioner shows cause excusing his or her procedural default and actual prejudice. *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). "This hurdle is an intentionally high one for the petitioner to surmount, for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Petitioner has procedurally defaulted on two of the four claims asserted in the Section 2255 motion. Any claims that were not raised on direct appeal, namely that the government breached the plea agreement and that appellate counsel was ineffective, may be asserted at this time only if Petitioner shows cause excusing his procedural default and actual prejudice. *Nagi*, 90 F.3d at 134. The Court agrees with the government that Mr. Huff has shown neither cause for his procedural default nor prejudice.

Moreover, the voluntary dismissal of an appeal prevents any further appellate review of those issues. *Futernick v. Sumpter Twp.*, 207 F.3d 305, 312 (6th Cir. 2000). The effect of such

5

dismissal is to place the petitioner in the same position as if he had never filed the appeal in the first place. *Williams v. United States*, 553 F.2d 420, 422 (5th Cir. 1977); *Safeway Ins. Co. v. Am. Arbitration Ass'n*, 617 N.E.2d 312, 315 (1st Dist. 1993). Exceptions to this rule lie only in extraordinary circumstances. *See Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir. 1998) (explaining that reinstatement has been granted when an attorney dismissed an appeal without the consent of the client).

Mr. Huff has dismissed the appeal of his sentence and all issues related thereto. As a result, the constitutionality of the upward adjustment under Guidelines Section 3B1.3 and the calculation of Petitioner's criminal history score may no longer be reviewed. While extraordinary circumstances may justify an exception to this rule, none such circumstances are present here. *See Turker*, 157 F.3d at 456. Petitioner may not evade his inability to revive dismissed appellate issues by including in the Section 2255 motion additional claims which, as discussed herein, are themselves without merit.

**C.     *The claims asserted by Petitioner are otherwise without merit***

Finally, assuming that Petitioner could overcome the deficiencies detailed above, the Section 2255 petition still fails. Petitioner is correct that the pleadings of *pro se* litigants are held to less stringent standards than those drafted by experienced attorneys. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, this less stringent standard does not mean that *pro se* litigants are entitled to take every case to trial. *Id*. Even a liberal standard cannot save this matter from dismissal. Each claim will now be considered in turn.

First, Mr. Huff claims that the government breached the plea agreement by arguing for application of the sentencing enhancements under Guidelines Section 3B1.3. Generally, a

6

sentencing court is to apply guidelines in effect on the date of sentencing. 18 U.S.C.A. § 3553(a)(4). Similarly, the *ex post facto* clause of the Constitution forbids the imposition of punishment more severe than that assigned by law when the act to be punished occurred. U.S.C.A. Const. Art. 1, § 9, cl. 3. Because the criminal conduct at issue occurred in 2002, the plea agreement stipulated that the Sentencing Guidelines Manual in effect November 1, 2002 would be applied. Mr. Huff claims that the government breached the plea agreement when it later argued for an enhancement pursuant to the Commentary to Section 3B1.3 of the 2006 Edition.

The government, on the other hand, contends that it did not violate the plea agreement and that the District Court's application of Section 3B1.3 was appropriate. The Commentary to Section 3B1.3 of the 2006 Edition was used to illustrate that, in instances where a defendant has abused his or her position of trust to obtain unlawfully, or use without authority, any "means of identification," as defined in Title 18, U.S.C. § 1028(d)(7), an enhancement is warranted. The Court agrees with the government. The plea agreement did stipulate that the 2002 Edition of the Guidelines would be used. However, in arguing for application of Section 3B1.3, the government merely illustrated that an enhancement was warranted where a defendant abuses his or her position of trust, as was the case here. Therefore, the claim that the government breached the plea agreement by arguing for application of the sentencing enhancements under Guidelines Section 3B1.3 is without merit.

Second, Mr. Huff claims that the Court's application of the Commentary to Section 3B1.3 of the 2006 Edition resulted in *ex post facto* punishment. A court may not impose punishment more severe than that assigned by law when the act to be punished occurred.

7

U.S.C.A. Const. Art. 1, § 9, cl. 3. The Court employed a two-level upward adjustment pursuant to the Commentary to Section 3B1.3 of the 2006 Edition, which did not appear in the 2002 Edition. The Court finds that Petitioner's sentence was properly enhanced upon consideration of Section 3B1.3. *See United States v. French*, 974 F.2d 687 (6th Cir. 1992) (court employs amendment to support a decision made under older version of Guidelines); *United States v. Luster*, 889 F.2d 1523 (6th Cir. 1989) (amendment intended to clarify an existing Guideline should be given substantial weight in determining the meaning of that Guideline). Further, the plea agreement explicitly stated that the District Court was not bound to the stipulated or estimated offense level computation therein. *See* Doc. 35 at ¶ 22. Therefore, the claim that application of Section 3B1.3 violated the *ex post facto* clause of the Constitution is without merit.

Third, Mr. Huff claims that the District Court erred in determining his criminal history score. Under Sentencing Guidelines § 4A1.1, two criminal history points are to be added for each prior sentence of imprisonment of at least sixty days not counted under § 4A1.1(a). Under section 4A1.2(a)(1), "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." Prior sentences for offenses that are separated by an intervening arrest are counted separately. Application Note 3 to § 4A1.2 (2002 Edition).

Petitioner's prior criminal convictions include an Open Container (1997), Theft and Forgery (2004), and Misuse of a Credit Card and Attempted Identity Theft (2004). PSR at ¶¶ 71-79. Two points were assessed for each 2004 conviction, as Mr. Huff was sentenced to imprisonment of at least sixty days in both instances. PSR at ¶¶ 74, 77. Petitioner now

contends, for the first time, that the convictions are related because the offense conduct occurred at the same time, that the cases were not separated by an intervening arrest, and that the cases were consolidated. Doc. 106 at 11. No mention was made of these issues in either Petitioner's Sentencing Memorandum (Doc. 42) or at the sentencing hearing. *See* Doc. 75. Trial counsel would have almost certainly raised such obvious concerns and Petitioner makes no claims that the assistance rendered was ineffective. Moreover, the incidents occurred on separate dates and were prosecuted under different case numbers. With four criminal history points, Petitioner's criminal history category was properly calculated as Category III. Therefore, the claim that the Court erred in determining Petitioner's criminal history score is without merit.

Fourth, Mr. Huff claims that appellate counsel rendered ineffective assistance. To raise ineffective assistance of counsel claims, Petitioner must timely raise the issue in a Section 2255 motion. *Hughes v. United States*, 258 F.3d 453, 457 n.2 (6th Cir. 2001). The United States Supreme Court has established a two-step analysis for assessing claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the ineffectiveness resulted in actual prejudice. *Id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that render the result unreliable." *Id.*

To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In addition, counsel is strongly presumed to have rendered adequate

9

assistance.  *Id*. at 690.  Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

As the government properly notes in its opposition, Mr. Huff has neither shown that counsel's performance fell below an objective standard of reasonableness nor that the ineffectiveness resulted in prejudice, namely the dismissal of his appeal.  *See Strickland*, 466 U.S. at 687.  Petitioner claims that his attorney, Mr. Malarcik, advised him that this Court routinely engages in unconstitutional resentencing practice and that Petitioner would likely fall victim to it if he prevailed on his appeal. *See* Declaration of Donavon E. Huff (Doc. 98-5) at ¶ 11.  In particular, Petitioner contends that Mr. Malarcik "threatened" him into dismissal by advising him that "Judge Adams would express his unhappiness [in being reversed] by sentencing [him] to what Mr. Malarcik termed an 'excessive sentence,' one which was substantially greater than the sentence initially imposed." Doc. 106 at 6.  As the government asserts in opposition, it is quite unbelievable that any attorney would make such a statement. Doc. 105 at 11.  The Ohio Supreme Court website for attorney registration indicates that Mr. Malarcik has faced no disciplinary actions in the nearly seventeen years he has been practicing law in the state of Ohio.  Petitioner admits that he consented to the dismissal only after a careful discussion with Mr. Malarcik.  Doc. 98-5 at ¶ 12.  Further, Mr. Malarcik is entitled to a strong presumption that the advice he provided Mr. Huff amounted to effective assistance from a practiced attorney.  Finally, because the decision to dismiss the appeal could be considered "sound trial strategy," it does not constitute ineffective assistance of counsel.  *See Strickland*,

466 U.S. at 689 (quoting *Michel*, 350 U.S. at 101). Therefore, the claim that appellate counsel was ineffective is without merit.

**IV. Conclusion**

Petitioner Donavon Huff's Amended and Restated Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 98) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| July 14, 2010 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |